## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: WESTERN DISTRICT OF OKLAHOMA | |
|---|---|---|
| Name (under which you were convicted): <br><br> JOSHUA BRENT DAWKINS | | Docket or Case No.: |
| Place of Confinement : <br> OKLAHOMA STATE PENITENTIARY, McALESTER, OK | Prisoner No.: <br><br> 548908 | |
| Petitioner (include the name under which you were convicted) <br><br> JOSHUA BRENT DAWKINS | Respondent (authorized person having custody of petitioner) <br><br> MARTY SIRMONS, Warden | |
| The Attorney General of the State of OKLAHOMA | | |

v.

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    DISTRICT COURT OF OKLAHOMA COUNTY STATE OF OKLAHOMA
    OKLAHOMA CITY, OKLAHOMA

    (b) Criminal docket or case number (if you know):   CF-2005-2777

2.  (a) Date of the judgment of conviction (if you know):   11/16/2006

    (b) Date of sentencing:   11/16/2006

3.  Length of sentence:   LIFE WITH POSSIBILITY OF PAROLE

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    MURDER IN THE FIRST DEGREE - 21 O.S., Section 701.7

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

**NOT APPLICABLE**

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    OKLAHOMA COURT OF CRIMINAL APPEALS

(b) Docket or case number (if you know):    F-2006-1230

(c) Result:    JUDGMENT AFFIRMED

(d) Date of result (if you know):    11/1/2006

(e) Citation to the case (if you know):    Not for Publication

(f) Grounds raised:

I. The trial court committed reversible error by forcing James Shelton to take the witness stand in front of the jury and refuse to testify, after he had already been sworn, refused, and been held in contempt.
II. The trial court erred by denying defense counsel's request to instruct the jury on second degree murder.
III. The trial court's exclusion of evidence supporting Appellant's defense that Godwin Ikuesana was the actual shooter deprived him of his constitutional rights to due process and to present a defense.
IV. The introduction of evidence of other crimes, wrongs, or bad acts deprived Appellant of a fair trial.
V. The cumulative effect of all error deprived appellant of a fair trial.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:    NOT APPLICABLE

(2) Docket or case number (if you know):    NONE

(3) Result:
   NOT APPLICABLE

(4) Date of result (if you know):

(5) Citation to the case (if you know):     N/A

(6) Grounds raised:
    N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes   ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know):    NOT APPLICABLE

    (2) Result:
      NOT APPLICABLE

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):    NONE

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

   (a)    (1) Name of court:    OKLAHOMA COUNTY DISTRICT COURT

       (2) Docket or case number (if you know):    CF-2005-2777

       (3) Date of filing (if you know):    10/8/2007

       (4) Nature of the proceeding:    MOTION FOR SENTENCE MODIFICATION

       (5) Grounds raised:
         ONE YEAR JUDICIAL REVIEW

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☑ Yes    ☐ No

       (7) Result:    MOTION DENIED

       (8) Date of result (if you know):    11/13/2007

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:    NOT APPLICABLE

    (2) Docket or case number (if you know):    NONE

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:    N/A

    (5) Grounds raised:
        NONE

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐    Yes    ☑  No

    (7) Result:    NOT APPLICABLE

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:    NOT APPLICABLE

    (2) Docket or case number (if you know):    NONE

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:    NOT APPLICABLE

    (5) Grounds raised:
        NONE

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition: ☐ Yes ☑ No

(2) Second petition: ☐ Yes ☑ No

(3) Third petition: ☐ Yes ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

NOT APPLICABLE

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
THE TRIAL COURT'S SUPPRESSION OF EVIDENCE; ALLOWING A WITNESS TO INVOKE THE FIFTH AMENDMENT BEFORE THE JURY; AND DAWKIN'S WAIVER OF HIS RIGHT TO TESTIFY WITHOUT A FULL AND COMPLETE UNDERSTANDING DENIED PETITIONER DUE PROCESS AND FAIR TRIAL.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached PETITIONER'S BRIEF IN SUPPORT OF HABEAS CORPUS RELIEF.

(b) If you did not exhaust your state remedies on Ground One, explain why:

NOT APPLICABLE

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

    APPELLATE COUNSEL was the Ok.County PD's Office. It is surmised that the claim of ineffective assistance of counsel as part of the argument of a denial of due process and a fair trial was due to the association of defense counsel with the Ok.Co.Public Defender as an Asst. Suppression of evidence; improper witness testimony and evidence of gang membership raised as denial of due process.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☐ Yes    ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:    NOT APPLICABLE

    Name and location of the court where the motion or petition was filed:
    NOT APPLICABLE

    Docket or case number (if you know):    NONE

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:
    NOT APPLICABLE

    Docket or case number (if you know):    NONE

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):
    NOT APPLICABLE

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
    NOT APPLICABLE

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

NONE

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❏ Yes    ❏ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

## GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)      **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                         ❏ Yes     ❏ No

(4) Did you appeal from the denial of your motion or petition?                    ❏ Yes     ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes     ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ❏ Yes   ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes   ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❏ Yes   ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes   ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes   ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

NOT APPLICABLE

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☑ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

      that you challenge in this petition?    ☐ Yes    ☑ No

      If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

      raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

      of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

      the judgment you are challenging?    ☐ Yes    ☑ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

      raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

C. KENT BRIDGE, Asst Public Defender, 611 County Office Bldg., 320 Robert S. Kerr Ave., Oklahoma City, OK, 73102  (405) 713-1550

(b) At arraignment and plea:

C. KENT BRIDGE

(c) At trial:

C. KENT BRIDGE

(d) At sentencing:

C. KENT BRIDGE

(e) On appeal:

KIM CHANDLER BAZE, Asst Public Defender, 611 County Office Building, 320 Robert S. Kerr Ave., Oklahoma City, OK  73102 (405) 713-1550

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes     ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes     ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

FILING OF WRIT OF HABEAS CORPUS IS WITHIN ONE YEAR OF DATE OF CONVICTION BECOMING FINAL ON 11/1/2007.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme
                Court, if the right has been newly recognized by the Supreme Court and made retroactively
                applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks the Court grant the following relief:

GRANT PETITIONER'S REQUEST FOR HABEAS CORPUS; ORDER PETITIONER'S RELEASE FROM CUSTODY AND GRANT THIS PETITIONER A NEW TRIAL IN THE DISTRICT COURT OF OKLAHOMA COUNTY AND FOR SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS NECESSARY AND PROPER

Or any other relief to which petitioner may be entitled.

Respectfully submitted,

s/Joi E. McClendon

JOI E. MCCLENDON– OBA # 21280

933 NW 164th, Suite 3

Edmond, OK 73013

405.513.8113 – telephone

405.513.8116 – facsimile

okccrimlaw@yahoo.com

*ATTORNEY FOR DEFENDANT*

Petitioner has retained counsel and has requested counsel to sign for him.

s/Joshua Brent Dawkins

s/Joi E. McClendon for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, October 5, 2008, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: U.S. District Attorney  Western District of Oklahoma 210 Park Ave.. Suite 400 Oklahoma City, OK 73102

s/Joi E. McClendon

JOI E. MCCLENDON

(1) all required privacy redactions have been made and, with the exception of those redactions, every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the Clerk, and;

(2) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program (naming the program, version, and the date of the most recent update) and, according to the program, are free of viruses.

Respectfully submitted

s/Joi E. McClendon

JOI E. MCCLENDON

# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

-------------------

### JOSHUA BRENT DAWKINS

**Petitioner,**

**vs.**

### MARTY SIRMONS, Warden
### McAlester State Penitentiary
### McAlester, Oklahoma

**Respondent.**

-------------------

## PETITIONER'S BRIEF IN SUPPORT OF HABEAS CORPUS RELIEF

-------------------

JOI McCLENDON
OBA No. 21280
933 N.W. 164th, Suite 3
Edmond, OK 73013
(405) 513-8113 - office
(405) 513-8116 - fax
(405) 514-3083 - cell

## ATTORNEY FOR PETITIONER

-------------------

**OCTOBER 30, 2008**

# TABLE OF CONTENTS

|  |  | Page No. |
|---|---|---|
| 1. | Statement of the Case | 1 |
| 2. | Statement of the Facts | 2.3 |
| 3. | GROUND ONE | 4 |

**THE TRIAL COURT'S SUPPRESSION OF EVIDENCE; ALLOWING A WITNESS TO INVOKE THE FIFTH AMENDMENT BEFORE THE JURY; AND DAWKIN'S WAIVER OF HIS RIGHT TO TESTIFY WITHOUT A FULL AND COMPLETE UNDERSTANDING, DENIED PETITIONER DUE PROCESS OF LAW.**

| 4. | Conclusion | 7 |
| 5. | Certificate of Delivery | 8 |

Case Authority

Black v. State, 2001 OK CR 5, 21 P.3rd 1047, 1070 .......... 5

In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073,
25 L.Ed.2d 368, 375 (1970) .......... 4

Rock v. Arkansas, 483 U.S. 44, 52-53, 107 S.Ct. 2704, 2708-10,
97 L.Ed.2d 37, 46-47 (1987) .......... 5

Strickland v. Washington, 477 U.S. 668, 687, 104 S.Ct.2052,
2064, 80 L.Ed.2d 674 (1984)

Statutory Authority

Okla. Stat. Tit. 21, O.S. 701.7(1991) .......... 1

Rule 1.2(a) of the Rules of Professional Conduct,
5 O.S. Supp. 1988, Ch.1, App. 3-A. .......... 5

i

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOSHUA BRENT DAWKINS,           )
                                )
                Petitioner,     )
                                )
vs.                             )       Case No._____
                                )
MARTY SIRMONS, Warden           )
McAlester State Penitentiary,   )
McAlester, Oklahoma             )
                                )
                Respondent.     )

## **PETITIONER'S BRIEF IN SUPPORT OF HABEAS CORPUS RELIEF**

Petitioner, JOSHUA BRENT DAWKINS, will be referred to by name. The Respondent,

MARTY SIRMONS, will be referred to as the State. Numbers in parenthesis will be referred to as

portions of the state court record. Transcript pages from Volumes I-III of the trial transcript will be

designated (Tr.).

### **Statement of the Case**

Joshua Brent Dawkins was charged by Information in Oklahoma County District Court, Case

No. CF-2005-2777, with Count 1, Murder in the First Degree, in violation of Okla. Stat. Tit. 21, O.S.

701.7(1991). Petitioner entered a plea of not guilty.

A jury trial was held before the Honorable Jerry D. Bass, Judge of the District Court. Mr.

Dawkins was represented by C. Kent Bridge, Assistant Public Defender. At the jury trial held on

October 16-19, 2006, the jury found Petitioner guilty of first degree murder. The jury recommended

that Petitioner be sentenced to Life with the Possibility of Parole in the custody of the Oklahoma

1

Department of Corrections. On November 16, 2006, Judge Bass imposed the Life Sentence recommended by the jury.

Mr. Dawkins perfected a direct appeal to the Oklahoma Court of Criminal Appeals, Case No. F-2006-1230, filing his brief-in-chief on April 16, 2007. The Court of Criminal Appeals issued an unpublished Summary Opinion on November 1, 2007, affirming Mr. Dawkins conviction. In its decision, the Court of Criminal Appeals determined that the trial court erred in permitting a State's witness, James Shelton, to be called to the witness stand to claim the Fifth Amendment knowing that he would refuse to testify. However, the Appellate Court determined that any error was *'harmless beyond a reasonable doubt as it did not contribute to the jury's verdict.'*

Petitioner now seeks Habeas Corpus review of the verdict and sentence imposed by the State trial court in the District Court of Oklahoma County.

## Statement of the Facts

On May 6, 2005, Marco Brooks was fatally shot at the Green Carpet Inn in Oklahoma City, Oklahoma. (Tr.266-275; Tr.III, 354-355). Kendall Brooks, cousin of the decedent, testified that he met Marco that evening at the motel. (Tr. II, 215-218). Kendall stated that he heard an argument sometime after 12:00 a.m. (Tr.II, 220). According to Kendall, Marco was arguing with Mr. Dawkins. (Tr.II, 221-222). He estimated that fifteen or twenty people gathered behind Marco and five to six people gathered behind Mr. Dawkins. (Tr. II, 226). Kendall said that he saw James Shelton come out from the room Mr. Dawkins had been in earlier that evening and tried to calm things down. (Tr. II, 226-228, 230). Kendall testified that he saw Mr. Dawkins with a gun at his side. (TR.II, 230-234). The argument escalated. (Tr. II, 230-234). Admitting that he had been drinking that night and was a little 'fuzzy,' Kendall stated that the next thing he remembers is

2

running through the breezeway. (Tr. II, 234). He ran because everybody in his group was running. (Tr. II, 235,239, 241). Kendall estimated that he then heard six to eight gunshots, first from back in the breezeway, and then towards the front of the motel. (Tr. II, 237-238). He testified that he did not see Mr. Dawkins at this time. (Tr. II, 241). Kendall admitted he never saw Mr. Dawkins shoot a gun. (Tr. II, 249).

Oklahoma City Police Department Sergeant Jason Samuel testified that several officers went to the door of room 137 and knocked, but no one would answer the door. (Tr. I, 30). Samuel also testified that one man, later identified as Godwin Ikuesanu, could be seen through the window washing his hands. (Tr. I, 32, 47).

Another witness called by the State, Sherry Young, testified that Mr. Dawkins was not shooting the gun at anyone, but just shooting up in the air. (Tr. II, 205-206).

Tashaya Galbreath testified that Shelton was in the area of the argument. (Tr. II, 162).

At the conclusion of the States' case, Dawkins waived his constitutional right to testify. (Tr. III, 401.402).

From these facts, Petitioner alleges that the cumulative errors of the trial court denied Petitioner due process and a fair hearing. The trial court, by allowing Shelton to take the stand simply to invoke the Fifth Amendment; suppressing evidence that pointed to a different shooter; together with the inconsistencies of the testimony of other States' witnesses; and Petitioner's unknowing waiver of his right to testify, reversible errors, not harmless ones, were committed in a verdict that determined Petitioner shot and killed Marco Brooks.

## GROUND ONE

**THE TRIAL COURT'S SUPPRESSION OF EVIDENCE; ALLOWING A WITNESS TO INVOKE THE FIFTH AMENDMENT BEFORE THE JURY; AND DAWKIN'S WAIVER OF HIS RIGHT TO TESTIFY WITHOUT A FULL AND COMPLETE UNDERSTANDING, DENIED PETITIONER DUE PROCESS OF LAW..**

The evidence presented at the jury trial by the State provided distinct inconsistencies as to the identity of the actual shooter of Marco Brooks. In Petitioner's original Brief in Chief to the Oklahoma Court of Criminal Appeals, Petitioner claimed that it was reversible error to allow James Shelton to take the witness stand and invoke the Fifth Amendment. Although the Court agreed with this Proposition, the Court deemed this error to be harmless claiming that the State did not build inferences of Dawkin's guilt on Shelton's refusal to testify.

The defense theory pointed the finger at Godwin Ikuesanu as the actual shooter. (*See* Proposition III of Petitioner's Brief in Chief filed with the Oklahoma Court of Criminal Appeals on April 16, 2007). In addition to evidence of Mr. Ikuesanu's connection to the weapon that was excluded by the trial court (Tr.II, 152-153); neither the State, nor defense counsel disclosed that Shelton was the father of Ikuesanu's sisters' baby. (See Exhibit 'A' attached hereto, made a part hereof). Absent that information and connection, the Jury was deprived of the inference that Shelton's refusal to testify was to protect Ikuesanu, not Petitioner, as the actual shooter.

*Due Process* protects an accused against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). Due process of law requires a reviewing court to examine the record evidence in the light most favorable to the State to determine whether any rational trier of fact could find the essential element beyond a reasonable doubt. U.S.

4

Const. Amend. V. Cases holding that it is the "exclusive province" of the jury to weigh the facts and determine conflicts in testimony remain subject to the <u>Jackson</u> standard for sufficiency of evidence. A mere 'modicum' of evidence cannot ' by itself rationally support a conviction beyond a reasonable doubt.' <u>Jackson</u>, 443 U.S. at 320, 99 S.Ct. At 2789, 61 L.Ed.2d at 574.

Although the state record reflects that Mr. Dawkins waived his right to testify (Tr. II, 153, 154), it is submitted to this Court that he begged defense counsel to let him take the stand to testify in his own behalf.

The right to testify '*is essential to due process in a fair adversary process*' and *'the choice of whether to testify in one's own defense is an exercise of the constitutional privilege.'* <u>Rock v. Arkansas</u>, 483 U.S. 44, 52-53, 107 S.Ct. 2704, 2708-10, 97 L.Ed.2d. 37, 46-47 (1987).

In Oklahoma, whether a defendant will testify on his own behalf at a criminal trial is a decision properly left to the accused. *See* <u>Rule 1.2(a)</u> of the Rules of Professional Conduct, <u>5 O.S. Supp. 1988, Ch.1, App. 3-A</u>.

To prevail on a claim of ineffective assistance of trial counsel, Petitioner must demonstrate (1) that trial counsel's performance was deficient under prevailing professional norms, and (2) that Petitioner was prejudiced by the deficient performance. **Black v. State**, <u>2001 OK CR 5</u>, <u>21 P.3rd 1047</u>, 1070; **Strickland v. Washington**, <u>477 U.S. 668</u>, 687, 104 S.Ct.2052, 2064, 80 L.Ed.2d 674 (1984). *Strickland*, supra, recognized the strong presumption 'that counsel's conduct falls within the wide range of reasonable professional assistance.' This presumption is due, in large part, to the many strategic choices counsel must make in any given case. Quoting *Strickland*, supra, further; ***so long as the choices are informed ones***, *counsel's decision to pursue one strategy over others is "virtually unchallengeable." Id. at* 690-91, 104 S.Ct at 2068.

5

Petitioner submits to this Court that a basic attorney-client relationship did not exist between trial counsel, Kent Bridge, and himself. Trial counsel met with Petitioner on only two occasions while he sat in the Oklahoma County Jail for almost two (2) years before a Jury was empaneled on October 16, 2007.

Trial counsel's statement to Petitioner that 'you can't testify, it will ruin your case' does not meet the standard of an informed choice, when that choice is a protected constitutional right.

The facts of this case made any decision of whether the Petitioner should or should not take the stand in his own defense the single most critical decision for him to make.

The defense theory throughout the State's case was that the actual shooter was Godwin Ikuesanu. Statements that Mr. Ikuesanu related to a detective that his fingerprints might be on the weapon that killed the victim were suppressed by the trial court as 'untruthful.' Trial counsel preserved that issue with an objection and an offer of proof. (Tr. II, 152-153).       .

The trial court also allowed the State to present evidence that Petitioner was a gang member. Any detrimental effect of his gang association was not at risk of disclosure were Petitioner to take the stand and testify in his own defense. These are all facts that should have been discussed by trial counsel with the Petitioner in order for Petitioner to make an informed decision as to whether to testify or waive his constitutional right. There simply was no other way to point the finger at Mr. Ikuesanu as the actual shooter, the whole essence of his innocence, without Petitioner taking the stand.

The Oklahoma Court of Criminal Appeals recognized that forcing James Shelton to take the stand and invoke the Fifth Amendment was an error committed by the trial court. The clear affect of suppressing Mr. Ikuesanu's statement regarding his fingerprints on the weapon **and** the improper

testimony of Mr. Shelton left but one conclusion . . .that James Shelton was protecting the real shooter, and it wasn't Mr. Ikuesanu" but the petitioner.

## Conclusion

It is submitted to this Court that to the extent trial counsel was deficient in providing an informative discussion with Petitioner as to any decision to exercise his right to testify, and ultimately Petitioner's waiver of that right, clearly prejudiced the outcome of the trial. To overlook Petitioner's failure to testify as a game changer under the facts of this case is like trying to ignore the boulder in your eye' Clearly, combined with Shelton's improper invocation of the Fifth Amendment in front of the jury; evidence of Petitioner's purported gang membership; suppression of evidence tying Ikuesanu to the murder weapon' were cumulative operatives to deprive your petitioner of due process of law and a fair trial.

Petitioner requests this Court grant his habeas corpus relief and for such other and further relief as this court deems necessary and proper, including an evidentiary hearing to determine whether Petitioner's waiver of his right to testify was with a complete and full understanding of the consequences.

Respectfully submitted,

s/Joi E. McClendon

JOI E. MCCLENDON – OBA # 21280

933 NW 164th, Suite 3

Edmond, OK 73013

405.513.8113 – telephone

405.513.8116 – facsimile

okccrimlaw@yahoo.com

*ATTORNEY FOR PETITIONER*

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on October 31, 2008, I electronically transmitted the attached document to the Clerk of the Court using ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:   U.S. District Attorney  Western District of Oklahoma 210 Park Ave.. Suite 400 Oklahoma City, OK 73102

<u>s/Joi E. McClendon</u>

JOI E. MCCLENDON

(1) all required privacy redactions have been made and, with the exception of those redactions, every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the Clerk, and;

(2) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program (naming the program, version, and the date of the most recent update) and, according to the program, are free of viruses.