# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA BRENT DAWKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. CIV-08-1166-F |
| | ) |
| WARDEN MARTY SIRMONS, | ) |
| | ) |
| Respondent. | ) |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW Respondent, Marty Sirmons, and moves this Court to dismiss the Petition for Writ of Habeas Corpus, as the Petition is a "mixed petition" containing both exhausted and unexhausted claims. In support whereof, Respondent would show the Court as follows:

## ARGUMENT AND AUTHORITY

Joshua Brent Dawkins, hereinafter "the Petitioner," was convicted by a jury of First Degree Murder in the District Court of Oklahoma County on October 19, 2006. *See* Oklahoma County District Court Docket Sheet, *attached hereto as* Exhibit 1. The jury recommended that the Petitioner be sentenced to life imprisonment with the possibility of parole. Exhibit 1. On November 16, 2006, the Honorable Virgil Charles Black, District Judge, sentenced the Petitioner in conformance with the jury's recommendation. On November 1, 2007, the Oklahoma Court of Criminal Appeals upheld the Petitioner's

judgment and sentence on direct appeal. *See* Summary Opinion of the Oklahoma Court of Criminal Appeals, *attached hereto as* Exhibit 2. The only other relief sought by the Petitioner was a sentence modification, which was denied by the Oklahoma County District Court on November 13, 2007. Exhibit 1. The Petitioner timely filed his Petition for Writ of Habeas Corpus and Brief in Support with this Court on October 30, 2008.

On direct appeal before the Oklahoma Court of Criminal Appeals, the Petitioner raised five grounds for relief. First, the Petitioner claimed that the trial court erred when it required a witness to take the stand for the sole purpose of having the witness invoke his Fifth Amendment rights in front of the jury. *See* Petitioner's Direct Appeal Brief, *attached hereto as* Exhibit 3, at 12-20. Second, the Petitioner claimed that the trial court erred by not instructing the jury on the lesser-included offense of Second Degree Murder. Exhibit 3 at 20-26. Third, the Petitioner claimed that the trial court trial erred when it refused to allow into evidence testimony by a State witness to the effect that another individual stated that his fingerprints might be found on the murder weapon. Exhibit 3 at 26-28. Fourth, the Petitioner claimed that the introduction of evidence of other crimes or bad acts deprived the Petitioner of a fair trial. Exhibit 3 at 28-40. Finally, the Petitioner claimed that cumulative error deprived the Petitioner of a fair trial. Exhibit 3 at 41-42.

In his Petition for Writ of Habeas Corpus, the Petitioner presents as his sole ground for relief the proposition that "the trial court's suppression of evidence; allowing a witness to invoke the Fifth Amendment before the jury; and Dawkin's waiver of his right to testify

without a full and complete understanding, denied Petitioner due process and fair trial." Petition for Writ of Habeas Corpus at 6. Though the Petitioner presents his argument as a single ground for relief, in actuality the Petitioner presents four grounds for relief. First, the Petitioner claims that the trial court should not have refused to admit testimony to the effect that a third party stated that his fingerprints might be on the murder weapon. Second, the Petitioner claims that the trial court should not have required a witness to take the stand when the trial court knew that the witness would immediately invoke his Fifth Amendment privilege against self-incrimination. Third, the Petitioner claims that his decision to not testify in his own defense was not an informed decision. Fourth, the Petitioner claims that his trial counsel rendered ineffective assistance by not properly advising the Petitioner as to the consequences of his choice not to testify in his own defense.

The Petitioner's first and second grounds for relief were exhausted when he presented similar claims to the Oklahoma Court of Criminal Appeals during his direct appeal. The Petitioner's third and fourth grounds for relief, however, were never presented to the Oklahoma Court of Criminal Appeals and therefore remain unexhausted.

Under federal law, a federal court may not grant habeas corpus relief unless the petitioner has exhausted the remedies available to him through the state courts. 28 U.S.C. § 2254(b). A claim is exhausted when it has been "fairly presented" to the state court. Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006), *citing* Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). A claim is fairly presented to the state court where the

petitioner has raised the substance of the federal claim in the state court. Bland, 249 F.3d at 1011, *citing* Picard, 404 U.S. at 278. When a federal district court is presented with a petition that raises both exhausted claims and unexhausted claims, the district court may dismiss the petition without prejudice so as to allow the petitioner to either return to state court in order to exhaust his unexhausted claims, or allow the petitioner to remove the unexhausted claims from his habeas corpus petition before proceeding. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Alternatively, a district court presented with a petition containing both exhausted and unexhausted claims may simply deny the entire petition based on the merits of the petitioner's claims. 28 U.S.C. § 2254(b)(2); *see also* Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002).

In this case, the Petitioner's third and fourth claims have not been exhausted. As to his third claim, the Petitioner states in his Brief in Support:

> Trial counsel's statement to Petitioner that "you can't testify, it will ruin your case," does not meet the standard of an informed choice, when that choice is a protected constitutional right.
> The facts of this case made any decision of whether the Petitioner should or should not take the stand in his own defense the single most critical decision for him to make.

Brief in Support of Petition for Writ of Habeas Corpus at 6.

In his Brief, the Petitioner further states that he could not "make an informed decision as to whether to testify or waive [the] constitutional right [to testify]" because he was not

made aware of all the pertinent facts bearing on that decision. Brief in Support of Petition for Writ of Habeas Corpus at 6.

Closely tied to the Petitioner's third ground for relief is the Petitioner's fourth ground for relief. In his fourth ground for relief, the Petitioner claims that his "trial counsel was deficient in providing an informative discussion with Petitioner as to any decision to exercise his right to testify." Brief in Support of Petition for Writ of Habeas Corpus at 7.

Neither the Petitioner's claim that his decision not to testify was not a fully informed decision, nor the Petitioner's related claim that his trial counsel was ineffective for failing to fully apprise him of the risks and consequences of not testifying in his own defense, were presented to the Oklahoma Court of Criminal Appeals on direct appeal, and no post-conviction application has yet been filed. Thus, the Oklahoma Court of Criminal Appeals has not been fairly presented with the Petitioner's third and fourth grounds for relief. Thus, the Petitioner's third and fourth grounds for relief remain unexhausted. *See* Bland, 459 F.3d at 1011, *citing* Picard, 404 U.S. at 275. Accordingly, Respondent moves this Court to dismiss the Petition without prejudice in order to allow the Petitioner the opportunity to fully exhaust his state remedies. *See* Rose, 455 U.S. at 510.

It would not be futile in this case to require the defendant to return to the Oklahoma courts to exhaust his unexhausted claims. Under federal law, exhaustion of state remedies is not required where (1) there is an absence of available corrective process under state law; or (2) circumstances exist that render such process ineffective to protect the rights of the

petitioner. 28 U.S.C. § 2254(b)(1)(B). In other words, exhaustion of state remedies is not required where it would be futile to require exhaustion. Bear v. Boone, 173 F.3d 782, 785 (10th Cir. 1999). In this case, requiring the Petitioner to exhaust his state remedies would not be not futile. First, the Petitioner has not yet filed an application for post-conviction relief in the courts of Oklahoma, and there is no statute of limitations on applications for post-conviction relief. *See* Okla. Stat. tit. 22, § 1080 *et. seq*. (2001). Second, the Petitioner alleges in his Petition that the reason the unexhausted claims were not brought on direct appeal was that his appellate counsel and trial counsel were both attorneys in the public defender's office. The Petitioner is thus alleging ineffective assistance of appellate counsel as cause for his failure to raise his unexhausted claims on direct appeal.

Though the Oklahoma Court of Criminal Appeals typically finds that all post-conviction claims that were not brought during direct appeal are waived, the Court has recognized two types of claims that may be brought for the first time during post-conviction proceedings: (1) ineffective assistance of trial counsel claims involving a factual basis that was not ascertainable through the exercise of reasonable diligence on or before the time of direct appeal; and (2) claims in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel. Davis v. State, 123 P.3d 243, 244, (Okla. Crim. App. 2005), *citing* Okla. Stat. tit. 22, § 1089(D)(4)(b)(1) & (2) (2004). Here, the Petitioner's argument would fall under the latter exception: the Petitioner is alleging ineffective assistance of appellate counsel as cause for his failure to raise his unexhausted

6

claims on direct appeal. Therefore, it would not be futile to require the Petitioner to exhaust his claims, as the Petitioner's ineffective assistance of appellate counsel claim would be entertained by the Oklahoma Court of Criminal Appeals in the Petitioner's first application for post-conviction relief.

Furthermore, the Petitioner's allegation that ineffective assistance of appellate counsel was the cause of his failure to raise his unexhausted claims on direct appeal must itself be exhausted. In Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000), the United States Supreme Court explained that an ineffective assistance of appellate counsel claim that is raised as cause excusing a procedurally barred claim is itself subject to a procedural bar. Edwards, 529 U.S. at 452; *see also* Johnson v. Gibson, 254 F.3d 1155, 1159-1160. Likewise, an ineffective assistance of appellate counsel claim that is raised as cause for failure to exhaust is itself subject to the exhaustion requirement. Here, the Petitioner is claiming that ineffective assistance of appellate counsel caused his failure to exhaust the third and fourth claims in his Petition. Therefore, before the Petitioner may use his ineffective assistance of appellate counsel claim as cause excusing his failure to exhaust his other claims, his ineffective assistance of appellate counsel claim must itself be exhausted.

The Petitioner presents this Court with two exhausted claims and two unexhausted claims. This Court may not grant the Petitioner relief on the merits of his unexhausted claims. *See* 28 U.S.C. § 2254(b). Furthermore, dismissing the Petition without prejudice to allow the Petitioner to exhaust his claims before the Oklahoma courts would not be futile,

as the Petitioner has an ineffective assistance of appellate counsel claim which would allow the Oklahoma Court of Criminal Appeals hear his claims in spite of the fact that they were not brought on direct appeal. *See* Okla. Stat. tit. 22, § 1089(D)(4)(b)(1) & (2) (2004). Finally, the Petitioner's claim that ineffective assistance of appellate counsel was the cause for his failure to exhaust his state remedies must itself be exhausted before it can be used to excuse the Petitioner's failure to exhaust his state remedies. *See* Edwards, 529 U.S. at 452. Accordingly, this Court should dismiss the Petitioner's "mixed" Petition without prejudice so as to afford the Petitioner the opportunity to exhaust his unexhausted claims. *See* Rose, 455 U.S. at 510.

## CONCLUSION

The Petitioner's contentions have been answered by both argument and citations of authority. As demonstrated above, Petitioner has failed to exhaust two of his claims in the courts of the State of Oklahoma. Therefore, Respondent respectfully requests that this Court dismiss the Petition for Writ of Habeas Corpus.

Respectfully submitted,

**W.A. DREW EDMONDSON
ATTORNEY GENERAL OF OKLAHOMA**

**s/ JARED A. LOOPER
JARED A. LOOPER, OBA # 21529
ASSISTANT ATTORNEY GENERAL**

313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (FAX)
Service email: fhc.docket@oag.state.ok

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

X      I hereby certify that on November 24, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmitted a Notice of Electronic Filing to the following ECF registrant:

Joi E. McClendon
okccrimlaw@yahoo.com
933 N.W. 164th, Suite 3
Edmond, OK 73103

**s/   JARED A. LOOPER**