## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSHUA BRENT DAWKINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-1166-F** |
| | ) | |
| **WARDEN MARTY SIRMONS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction.  United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Respondent has filed a motion to dismiss the petition based upon Petitioner's failure to exhaust all of his claims, to which Petitioner has not responded.  Since Petitioner's time to respond to the motion to dismiss has lapsed, the motion is at issue.[1]  For the following reasons, the undersigned recommends that Respondent's motion to dismiss be granted.

By this action, Petitioner challenges his first degree murder conviction following a jury trial, for which he was sentenced to life with the possibility of parole.  Case No. CF-2005-2777, District Court of Oklahoma County, Docket (attached to Brief in Support of

---

[1] Local Civil Rule 7.1(g) provides that a motion must be responded to within eighteen days or it may be deemed confessed.  Petitioner was advised of this requirement in an order dated November 3, 2008. [Doc. No. 6].

Motion to Dismiss as Ex. 1); Petition, p. 2.[2]  Petitioner directly appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals, which affirmed the trial court's judgment.  Dawkins v. State, No. F-2006-1230 (Okla. Crim. App. Nov. 1, 2007) (attached to Petition as Ex. 2); Petition, p. 3.  Petitioner did not seek post-conviction relief in state court.  Petition, p. 3.  However, he filed a motion for sentence modification with the trial court, which was denied.  Petition, p. 4.

Petitioner organizes his petition and supporting brief as though he is presenting one ground for relief, but as the undersigned reads the petition, Petitioner is raising at least three grounds for relief.  In his first ground, Petitioner claims that the trial court erred by refusing to allow a witness to testify that a third party stated that his fingerprints might be on the murder weapon.  Petitioner's Brief in Support, p. 4.  In ground two, Petitioner complains that the trial court erred by requiring a witness to take the stand when the Court was aware that the witness would invoke his Fifth Amendment privilege against self-incrimination, and by allowing the witness to do so in front of the jury.  Id. at 6-7.  Finally, in his third ground, Petitioner alleges ineffective assistance of counsel based upon trial counsel's alleged failure to properly advise Petitioner regarding his decision to not to testify at his trial.  Id. at 5-6.

---

[2] The page number is the pre-printed page number in the upper right hand corner of the petition.  Thus, page 2 is actually the first page of the petition.

## I.    MOTION TO DISMISS

Respondent argues that the petition should be dismissed because Petitioner has not presented the above listed third ground for relief to a state court for review prior to raising it in the petition. Brief in Support of Motion to Dismiss, p. 3.[3]

Section 2254(b)(1) generally requires a state prisoner to exhaust state court remedies prior to commencing a federal habeas action. In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). The petitioner bears the burden to show that state court remedies have been exhausted. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

As noted, Respondent contends that the petition should be dismissed because it contains an unexhausted claim. Brief in Support of Motion to Dismiss, p. 3. Specifically, Respondent argues that Petitioner has not previously raised his ineffective assistance of trial counsel claim presented in ground three. Id. at 4-5. A review of Respondent's brief, the

---

[3] Respondent reads the petition as stating four grounds for relief, with the fourth ground being that Petitioner's decision to not testify in his own defense was not an informed decision. Brief in Support of Motion to Dismiss, p. 3. Respondent asserts this fourth ground is also unexhausted.

petition, and Petitioner's supporting brief reveals that Respondent correctly argues that

Petitioner has not exhausted state remedies for the ineffective assistance of counsel claim

presented as his third ground in the petition.  It has not been presented to the Oklahoma Court

of Criminal Appeals for review in either a direct appeal or in a post-conviction proceeding.

Id. at Exs. 2, 3.  Petitioner apparently does not challenge this assertion.  See Petition, pp. 6-7.

He has not responded to the motion to dismiss, and certain answers he provided to

exhaustion-related questions on the petition form amount to an admission that he has not

exhausted or even attempted to exhaust this claim.  Id.  However, in response to a question

on the petition form soliciting an explanation for why a claim was not raised on direct appeal,

Petitioner explains, through counsel:

> APPELLATE COUNSEL was the Ok.County PD's Office.  It is surmised that
> the claim of ineffective assistance of counsel as part of the argument of a
> denial of due process and a fair trial was due to the association of defense
> counsel with the Ok.Co.Public Defender as an Asst. Suppression of evidence;
> improper witness testimony and evidence of gang membership raised as denial
> of due process.

Petition, p. 7.  To the extent Petitioner intends this paragraph to inform the Court that he

contends that the ineffective assistance of appellate counsel amounts to cause excusing the

default of his unexhausted claim, that claim must also be, but has not been, exhausted before

it is asserted in a federal habeas petition.  See Edwards v. Carpenter, 529 U.S. 446, 452

(2000); Johnson v. Gibson, 254  F.3d 1155, 1159 (10th Cir. 2001).

It is not futile to require Petitioner to exhaust this claim in state court.  As Respondent

has argued, there is no statute of limitations applicable to non-capital applications for post-

conviction relief, and thus in Oklahoma "an application for post-conviction relief in a non-capital case is always deemed to be timely filed." Moore v. Gibson, 27 P.3d 483, 484 n.1 (Okla. Crim. App. 2001). Accordingly, Petitioner faces no state limitations issue if he returns to state court to exhaust his ineffective assistance of counsel claim. Although under Oklahoma law a prisoner may not raise an issue omitted from his direct appeal in an application for post-conviction relief, there are exceptions to this rule. See Jones v. State, 704 P.2d 1138, 1140 (Okla. Crim. App. 1985). Specifically, prisoners may raise issues not asserted on direct appeal if "sufficient reason" prevented the assertion of the error, or if the defendant bypassed direct appeal because of a procedural error of counsel. Id.; see also Okla. Stat. tit. 22, § 1086; Pickens v. State, 910 P.2d 1063, 1069 (Okla. Crim. App. 1996) (stating that for ineffective assistance of counsel claims raised for the first time in post-conviction proceedings, the court will "review each case on its individual merits, examining each specific proposition in connection with the specific facts of each case as that need arises"); Paxton v. State, 910 P.2d 1059, 1061-62 (Okla. Crim. App. 1996) (noting exceptions to the rule that ineffective assistance claims not raised on direct appeal may be waived). Because there is a possibility that the state court may allow review of Petitioner's claims under one of these exceptions, there remains an available state avenue of redress, and Petitioner must exhaust that remedy before proceeding with his federal habeas petition. See 28 U.S.C. § 2254(c); see also, e.g., Braggs v. Attorney Gen. of Okla., No. 98-6156, 1998 WL 864070,

at *2 (10th Cir. Dec. 14, 1998);[4] <u>Garza v. Gibson</u>, No. 99-7036, 1999 WL 1054679, at *2 (10th Cir. Nov. 22, 1999).

As the petition contains both exhausted and unexhausted claims, it is a "mixed petition." <u>Pliler v. Ford</u>, 542 U.S. 225, 227 (2004) (quotation omitted). When a mixed petition has been presented to the court, the unexhausted claims must be dismissed. <u>See id.</u> at 233. As a practical matter, this leaves the district court with the option to either "dismiss the entire petition without prejudice in order to permit exhaustion of state remedies; or . . . deny the entire petition on the merits." <u>Moore v. Schoeman</u>, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted). The district court may also allow the petitioner to amend the habeas petition to delete the unexhausted claims, and proceed only on the exhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982). Additionally, in "limited circumstances," the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005); <u>see also</u> <u>Moore</u>, 288 F.3d at 1235 n.4. However, this procedure is only available when the petitioner has demonstrated "good cause" for the failure to exhaust, the unexhausted claims are "potentially meritorious," and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. <u>Rhines v. Weber</u>, 544 U.S. at 278.

Here, the undersigned recommends that Respondent's motion to dismiss be granted and that the petition be dismissed without prejudice to refiling after Petitioner exhausts his

---

[4] This and any other unpublished disposition are cited as persuasive authority pursuant to Federal Rule of Appellate Procedure. 32.1 and Tenth Circuit Rule 32.1.

state court remedies, unless within twenty (20) days of any order adopting this Report and Recommendation, Petitioner amends his petition to present only his exhausted claims. This is not one of the limited circumstances where a stay and abeyance is appropriate as Petitioner has neither shown nor even attempted to show good cause to excuse his failure to exhaust his unexhausted claims.

The Supreme Court has observed that the rule requiring dismissal of mixed petitions can sometimes operate to cause a limitations problem for a petitioner when the petitioner returns to federal court after exhausting state remedies. Pliler, 542 U.S. at 230. Petitioner will face such an issue here because the applicable one-year statute of limitations, which began to run 90 days after Petitioner's conviction was affirmed on direct appeal has expired. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). It is, however, not an abuse of discretion to dismiss a habeas petition after the limitations period has expired when the state provides an avenue for seeking post-conviction relief because exhaustion is "an obvious statutory prerequisite" to filing a habeas petition. See Gunderson v. Hettgar, No. 99-8052, 1999 WL 1054682, at *1 (10th Cir. Nov. 22, 1999).

Furthermore, the undersigned notes that if Petitioner chooses to refile his petition to assert only exhausted claims, he may face significant obstacles if, in a subsequent habeas petition, he reasserts the claim that is currently unexhausted. Most notably, a subsequent habeas petition attacking Petitioner's first degree murder conviction based upon the ineffective assistance of counsel claim that Petitioner has not exhausted at present may be characterized as "second and successive" which would require the Tenth Circuit Court of

Appeals' pre-authorization to proceed.  See 28 U.S.C. § 2244(b); see also Tapia v. Lemaster, 172 F.3d 1193, 1194-96 (10th Cir. 1999); Brown v. Shanks, 185 F.3d 1122, 1125 n. 4 (10th Cir. 1999).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Respondent's motion to dismiss [Doc. No. 9] be granted and that the petition be dismissed without prejudice to refiling unless within twenty (20) days of any order adopting this Report and Recommendation, Petitioner files an amended petition presenting only his exhausted claims.

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by March 11, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 19th day of February, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE