### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA BRENT DAWKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | )   Case No. CIV-08-1166-F |
| | ) |
| WARDEN MARTY SIRMONS, | ) |
| | ) |
| Respondent. | ) |

### **ORDER**

Petitioner, a state prisoner appearing through counsel, commenced this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. Respondent filed a motion to dismiss the petition based upon petitioner's failure to exhaust all of his claims. Petitioner did not file a response. On February 19, 2009, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation, wherein he recommended that respondent's motion to dismiss be granted and that the petition be dismissed without prejudice to refiling unless within twenty days of any order adopting the Report and Recommendation, petitioner files an amended petition presenting only his exhausted claims.

Presently before the court is petitioner's objection and reply to the Report and Recommendation. Petitioner does not contest respondent's allegation or the court's acknowledgment that petitioner failed to exhaust his ineffective assistance of counsel claim which is based upon trial counsel's alleged failure to properly advise petitioner regarding his decision not to testify in his trial. Petitioner states that it appears from the court's analysis that the best way for petitioner to preserve all issues for future habeas review is a dismissal of the petition without prejudice to refiling after petitioner exhausts his state court remedies. Petitioner states that if he were to file an

amended petition as to the exhausted claims, he runs the risk of a second and successive challenge as to his ineffective assistance of counsel claim after exhaustion. Petitioner, however, objects to any order of the court that would prevent petitioner from seeking future habeas review of the grounds presented in the original petition that have been exhausted by state remedies, as well as any unexhausted claims. Petitioner states that as he understands the court's Report and Recommendation, a dismissal without prejudice of petitioner's original petition preserves all grounds raised in the petition on file for subsequent habeas review and relief.

Pursuant to 28 U.S.C. § 636(b), the court has conducted a *de novo* review of the matter. Having done so, the court concurs with the analysis of Magistrate Judge Argo. The court agrees that a stay and abeyance is not appropriate as petitioner has not shown or even attempted to show good cause for petitioner's failure to exhaust his ineffective assistance of counsel claim. Rhines v. Weber, 544 U.S. 269, 278 (2005). The court, like Magistrate Judge Argo, recognizes that petitioner may face a statute of limitations issue when any subsequent habeas petition is filed because the applicable one-year statute of limitations, which began to run 90 days after petitioner's conviction was affirmed on direct appeal, has expired. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). This is true even though petitioner's habeas petition, as recommended, is dismissed without prejudice. Sanford v. Figueroa, 2009 WL 26754 * 2 (10th Cir. Jan. 6, 2009) ("the dismissal, even though 'without prejudice,' foreclosed any future federal habeas relief because the one-year statute of limitations period under [28 U.S.C.] § 2244(d) had expired while his [28 U.S.C.] § 2254 claim was pending.") (citing Duncan v. Walker, 533 U.S. 167 (2001)). Nonetheless, the court does not conclude that it is not an abuse to dismiss the petition. Moreover, the ruling in the Report and Recommendation also provides petitioner with the ability to amend his petition to delete his unexhausted claim should he decide within twenty

days allowed that he should proceed with the exhausted claims rather than risk a statute of limitations issue. The court therefore adopts the Report and Recommendation in its entirety.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo on February 19, 2009 (doc. no. 12) is **ADOPTED**. Unless petitioner files an amended petition presenting only his exhausted claims within twenty days from the date of this order, respondent's motion to dismiss will be granted and petitioner's petition for a writ of habeas corpus shall be dismissed without prejudice to refiling.

DATED March 13, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-1166p002(pub).wpd